

# THE ATTORNEY GENERAL
## OF TEXAS

### AUSTIN, TEXAS 78711

JOHN L. HILL
ATTORNEY GENERAL

January 16, 1974

The Honorable Wilson E. Speir, Director
Texas Department of Public Safety
Box 4087
Austin, Texas 78773

Opinion No. H- 210

Re: Whether "evidence" money may be used in an "Imprest Fund" for use in undercover work?

Dear Colonel Speir:

Your request for an opinion states:

"Undercover work today occasionally requires the utilization of a 'flash roll' in obtaining delivery of large quantities of narcotics and dangerous drugs. It is sometimes necessary for agents to borrow up to Five Thousand Dollars ($5,000) for purchase of evidence. When they do this, they must pay interest for a period of four (4) to six (6) weeks at their personal expense with no provisions for reimbursement of the interest cost. Often agents do not have the capabilities to borrow a sufficient amount of money to effectively conduct undercover investigations of this type. This is curtailing and restricting the effectiveness of the Narcotics Service.

"We are therefore interested in obtaining vour opinion as to whether part of the 'evidence' money provided by the appropriation bill . . . could be set up as an 'Imprest Fund', with appropriate accounting safeguards, so that it could be drawn with proper authorization and used in undercover work.

"The money for this fund would be drawn on warrant and placed in an approved bank to be used when and as needed for this purpose. The account, of course, would be a revolving one as in many cases the money would be recovered, used

> as evidence and then returned to the account to be
> used the next time the occasion arose.  The money
> for the undercover work would be drawn and accounted
> for as required in advance.  The difference from the
> present system is that the agent would be using State
> money from this fund instead of borrowed money en-
> tailing the occasion for interest expense."

The current Appropriation Act (H. B. 139, Acts 1973, 63rd Leg., p. III-134) states:

> "From the amounts  appropriated out of the
> Operator's and Chauffeur's License Fund for the support
> and maintenance of the Department of Public Safety, an
> amount not to exceed Two Hundred and Forty Thousand
> Dollars ($240,000) for each year of the biennium begin-
> ning September 1, 1973, is hereby designated for the
> purchase of evidence and/or information and surveillance
> expenses deemed necessary by the Department of Public
> Safety; and accountability for expenditures as set forth
> above shall be governed by such rules and regulations as
> the Director of the Department of Public Safety may recom-
> mend. . . ."  (emphasis added)

There is ample pre-existing law, in our opinion, to support such provisions.  See Articles 4413(4a),  4413(6), 4413(11),  4413(12), 4413(16), V. T. C. S.  We believe this falls within the "miscellaneous operating expense" category of Article 4413(4a), V. T. C. S.  The money is used to combat crime, a proper public purpose.

The cost of "purchasing" evidence under the circumstances you describe is an expense of the agency and not an individual expense of the employee act- ing for it.  The Department should bear the financial burden and risk - not the employee.  See Attorney General Opinion H-74(1973).

So long as adequate safeguards are observed and there is strict adherence to appropriate departmental rules and regulations, we think a revolving "Imprest

The Honorable Wilson E. Speir, page 3  (H-210)

Fund" such as you contemplate might be lawfully funded from the above noted appropriation item. The use of revolving accounts is widely recognized and approved as an accounting procedure, and the Director has been given broad rule-making and regulatory powers to control the Department. Article 4413(b)(2), V. T. C. S. See Attorney General Opinions O-2215 (1940), S-103 (1953), WW-1207 (1961), H-74 (1973).

We therefore answer your question in the affirmative.

### SUMMARY

The Department of Public Safety, under appropriate departmental rules and regulations, may establish a revolving "Imprest Fund" from which money may be furnished agents to "purchase" narcotics evidence.

Yours very truly,

JOHN L. HILL

APPROVED:

LARRY F. YORK, First Assistant

DAVID M. KENDALL, Chairman
Opinion Committee